J-S45029-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HENRY ZABALA-ZORILLA | : | |
| | : | |
| Appellant | : | No. 334 MDA 2024 |

Appeal from the PCRA Order Entered December 7, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003321-2012

BEFORE: OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY DUBOW, J.: **FILED APRIL 28, 2025**

Appellant Henry Zabala-Zorilla appeals from the order entered in the Berks County Court of Common Pleas dismissing as untimely his second petition filed pursuant to the Post-Conviction Relief Act ("PCRA").[1]  Appellant asserts that the court erred in dismissing his petition without a hearing and contends that his requirement to register under Subchapter I of the Sex Offender Registration and Notification Act ("SORNA")[2] should be vacated pursuant to **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017).  Upon careful review, we affirm the dismissal of the petition as untimely.

**A.**

_____

[1] 42 Pa.C.S. §§ 9541-46.

[2] 42 Pa.C.S. §§ 9799.51-9799.75.

The relevant procedural history is as follows. The Commonwealth charged Appellant at the present case and at docket number CP-06-CR-0002404-2012 ("2404-2012") with Rape and related offenses for incidents that occurred in 2010 and 2011. The cases were consolidated, and Appellant proceeded to a jury trial on March 19, 2013. The jury convicted Appellant of Rape, Involuntary Deviate Sexual Intercourse ("IDSI"), and related offenses in both cases. On May 3, 2013, the trial court imposed an aggregate sentence of 84½ to 169 years of incarceration. As a result of his convictions, Appellant must register as a sex offender for his lifetime, as provided by SORNA.[3] This Court affirmed Appellant's judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal on October 15, 2014. *Commonwealth v. Zabala-Zorilla*, 100 A.3d 318 (unpublished memorandum) (Pa. Super. Mar. 25, 2014), *appeal denied*, 110 A.3d 99 (Pa. Oct. 15, 2014). Accordingly, Appellant's judgment of sentence became final on January 13, 2015, after the time for seeking a writ of *certiorari* from the Supreme Court of the United States had passed.[4]

Appellant filed a timely PCRA petition which failed to garner relief. On January 8, 2019, Appellant filed the instant *pro se* PCRA petition, his second, at both dockets. The petition alleged, *inter alia*, that Appellant "was unlawfully

---

[3] **See** 42 Pa.C.S. §9799.55(b)(2)(i)(A) (Individuals convicted of Rape and IDSI committed on or after April 22, 1996, but before December 20, 2012 are subject to lifetime registration.).

[4] 42 Pa.C.S. §9545(b)(3); Sup. Ct. R. 13 (allowing 90 days to file Petition for Writ of Certiorari to the United States Supreme Court).

sentenced under SORNA, in violation [of **Muniz**,] which held that SORNA violates the Pennsylvania and United States' Constitutions' 'Ex Post Facto' prohibitions." PCRA Petition, 1/8/19, at 4 (unpaginated). Relevantly, the petition further alleged, without discussion, that it was timely under the newly-recognized constitutional right exceptions of the PCRA. *Id.* (citing 42 Pa.C.S. § 9545(b)(1)(iii)).[5]

On June 29, 2020, following a response from the Commonwealth, the PCRA court issued a notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Separately, the court dismissed Appellant's petition at 2404-2012 on March 3, 2020, and Appellant appealed. However, due to an administrative error, the court did not issue an order dismissing the PCRA petition in the present case until December 7, 2023.

Appellant filed a timely *pro se* notice of appeal. Both he and the trial court complied with Pa.R.A.P. 1925. Appellant then filed a counseled brief raising the following issue for our review:

> Whether the PCRA [c]ourt erred as a matter of law and abused its discretion in dismissing Appellant's PCRA petition without a hearing, where genuine issues of material fact existed which, if resolved in his favor, would entitle him to relief?

Appellant's Br. at 4 (footnote omitted).

**B.**

---

[5] On December 9, 2019, Appellant filed a supplemental PCRA petition relating only to docket no. 2404-2012.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *See Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). We grant great deference to the findings of the PCRA court if they are supported by the record. *See Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007). "We give no such deference, however, to the court's legal conclusions." *Commonwealth v. Smith*, 167 A.3d 782, 787 (Pa. Super. 2017).

As a preliminary matter, the timeliness of a PCRA petition is a jurisdictional requisite. *See Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008). Pennsylvania law is clear that no court has jurisdiction to hear an untimely PCRA petition. *See Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003). To obtain relief under the PCRA, a petitioner must file his petition within one year from the date the judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). Appellant's petition, filed almost 4 years after his judgment of sentence became final, is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if the petitioner pleads and proves one of the three exceptions to the time-bar set forth in Section 9545(b)(1). One of these exceptions is the constitutional right exception, which applies to a "constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545 (b)(1)(iii).

Finaly, the version of Subsection 9545(b)(2), applicable in this matter, required Appellant to file a petition invoking a timeliness exception within 60 days "of the date the claim could have been presented." ***Commonwealth v. Zabala-Zorilla***, 2020 WL 6194407 at *3 (Pa. Super. Oct. 22, 2020) (unpublished memorandum) (citation omitted).[6]

Here, Appellant concedes that his petition is facially untimely. Appellant's Br. at 17. However, he maintains that it was timely based on ***Commonwealth v. Lark*** and its progeny, which hold that a court cannot entertain review of a subsequent PCRA petition while a prior PCRA petition remains under review. ***Id.*** at 17-18 (citing ***Lark***, 746 A.2d 585, 588 (Pa. 2000), *overruled in part on other grounds* by ***Commonwealth v. Small***, 238 A.3d 1267 (Pa. 2020)). He further explains that ***Muniz*** was decided during the appeal from the denial of his first PCRA petition. ***Id.*** at 19. Therefore, he asserts that, although any petition invoking a timeliness exception must be filed within 60 days of the date the claim could have been presented, that period "remained tolled until the first PCRA petition exhausted the appeal process . . . on December 18, 2018[,]" pursuant to ***Lark***. ***Id.*** at 19-20. Accordingly, he maintains that he raised a claim based on ***Muniz*** at the first possible opportunity because he filed the instant petition 21 days after his first

---

[6] As we held in ***Zabala-Zorilla***, Appellant's instant PCRA petition is governed by the prior version of Subsection 9545(b)(2), which is applicable to claims arising prior to December 24, 2017, because the Supreme Court decided ***Muniz***, upon which Appellant relies, on July 19, 2017. 2020 WL 6194407 at *3, n. 10.

petition exhausted the appeal process, and therefore, this petition is timely. *Id.* at 20.

The PCRA court explained that Appellant had already appealed the denial of his PCRA petition at 2404-2012 and raised the same claim raised in the instant appeal. Trial Ct. Op., 2/12/24, at 2 (unpaginated). Accordingly, the PCRA court determined that our Court has already addressed Appellant's argument that his second PCRA petition was timely based on *Lark* and *Muniz* and found that it lacked merit. *Id.* at 3 (citing *Zabala-Zorilla*, 2020 WL 6194407).

We agree with the PCRA court. Appellant essentially claims that his second PCRA petition is timely simply because he filed it within 60 days of the final decision on his first PCRA petition. However, as we also noted in our Memorandum affirming the dismissal of his PCRA petition at docket no. 2404-2012, *Lark* still requires Appellant to meet one of the enumerated timeliness exceptions. *Zabala-Zorilla*, 2020 WL 6194407 at *5.

In *Lark*, the Supreme Court held that

> when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review.[] If the subsequent petition is not filed within one year of the date when the judgment became final, then the petitioner must plead and prove that one of the three exceptions to the time bar under 42 Pa.C.S. § 9545(b)(1) applies. The subsequent petition must also be filed within sixty days of the date of the order which finally resolves the previous PCRA petition, because this is the first 'date the claim could have been presented.'

746 A.2d at 588 (quoting 42 Pa.C.S. § 9545(b)(2)). Accordingly, Appellant must plead and prove the applicability of one of the timeliness exceptions to obtain relief under *Lark*.

Here, Appellant failed to argue in his brief that any of the timeliness exceptions apply.[7] Appellant's Br. at 17-20. Appellant has, therefore, failed to meet *Lark*'s requirements and, thus, his reliance on *Lark* affords him no relief.[8]

**C.**

We conclude that the PCRA court properly dismissed Appellant's petition. Appellant has not pleaded and proved the applicability of any exception to the PCRA's time bar. Therefore, his petition is untimely, and we lack jurisdiction to consider the merits of this appeal. We, thus, affirm the dismissal of his second PCRA petition.

---

[7] In his PCRA petition, Appellant argued that *Muniz* satisfies the newly-recognized constitutional right exception. PCRA Petition at 4 (unpaginated). On appeal from the dismissal of his PCRA petition at docket no. 2404-2012, we rejected this same argument, explaining that *Muniz* has not been held to apply retroactively in the PCRA context, and thus, does not satisfy the newly-recognized constitutional right exception to the time bar. *Zabala-Zorilla*, 2020 WL 6194407 at *5 (citing *Commonwealth v. Murphy*, 180 A.3d 402, 405 (Pa. Super. 2018)).

[8] Appellant also cites *Commonwealth v. Puterbaugh*, 242 A.3d 404 (Pa. Super. 2020) (unpublished memorandum), for the proposition that "lower courts have jurisdiction to address PCRA petitions challenging registration requirements, even where the petitions are untimely filed." Appellant's Br. at 26. However, Appellant failed to raise a claim based on *Puterbaugh* in his PCRA petition and thus, it is waived. *See* Pa.R.A.P. Rule 302(a) (issues not raised in the lower court are waived and cannot be raised for the first time on appeal).

Judges Olson and McLaughlin concur in result.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/28/2025